Kira A. Schlesinger, Esq. (SB CA: 205357; AZ: 023450)
*Pro Hac Vice Pending*
**SCHLESINGER CONRAD LAW FIRM**
3936 E. Desert Cove Avenue, 1st Fl.
Phoenix, Arizona 85027
Tel: 602-812-3661
Fax: 480-522-3674
E-Mail: docket@schlesingerconrad.com

*Attorney for Plaintiff PF Brands, Inc. dba Professor Foam*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT COURT OF TEXAS

| | |
|---|---|
| PF BRANDS., INC, d/b/a Professor Foam, a Texas corporation,<br><br>　　　Plaintiffs,<br><br>v.<br><br>HHC DIESEL, LLC, a Texas limited liability company; COREY COLVIN and JANE DOE COLVIN, a married couple; JOHN M. HODGES and JANE DOE HODGES, a married couple; DOES 1-100, inclusive; BLACK PARTNERSHIPS, 1-10, inclusive; WHITE CORPORATIONS, 1-50, inclusive; GREY LIMITED LIABILITY COMPANIES, 1-50, inclusive,<br><br>　　　Defendants. | CASE NO.:<br><br>**COMPLAINT** |

## JURSIDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of the First Cause of Action (violation of the *Lanham* Act) Pursuant to 15 U.S.C. § 1121 and/or 28 U.S.C. §§ 1331 and/or 1338(a).



**COMPLAINT**

1

2. This Court has personal jurisdiction over Defendants as Defendants have committed the tortuous activities of *inter alia,* unfair competition in this district and/or Defendants have sufficient minimum contacts with this district to such that that exercise of jurisdiction over Defendants by this Court does not offend the traditional notions of fair play and substantial justice. Defendants have engaged in unfair competition and business disparagement having reason to know that consumers throughout the United States, including within this judicial district, would be influenced by Defendants' actions.

3. Additionally, supplemental jurisdiction exists over Defendants because, on information and belief, Defendants conduct business in Texas and this district, or have otherwise availed themselves of the privileges and protections of the laws of the state of Texas, such that this Court's assertion of jurisdiction over Defendants does not offend traditional notions of fair play and due process.

4. Venue is proper in this district, *inter alia*, pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to these claims occurred in this judicial district and have caused damages to Plaintiff in this district.

5. Jurisdiction is proper pursuant to 28 USCS § 1331 because the Complaint alleges, *inter alia,* unfair competition pursuant to 15 U.S.C. § 1125(A)(1)(b). This Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C.S. § 1367. The state law claims derive from the common nucleus of operative fact applicable to the federal question claims.

**PARTIES**

6. PF Brands, Inc. is a Texas corporation in good standing with its principal place of business in Harris County, Texas.

7. Professor Foam™[1] is a d/b/a of PF Brands, Inc., and has its principal place of business in Harris County, Texas.

8. Plaintiff has been working since early April 2001 to build the brand

---
[1] The mark "Professor Foam" is pending registration on the United States federal register.



**COMPLAINT**
2

1  Professor Foam, and had successfully established good will and a reputation as a provider
2  of low-price, quality parts, including O-rings.
3       9.    HHC Diesel, LLC is a Texas limited liability company, that is responsible
4  for the wrongs alleged herein.
5       10.   Upon information and belief, Corey Colvin and Jane Doe Colvin are a
6  married couple residing within this jurisdiction.
7       11.   Corey Colvin is a member and/or manager of HHC Diesel, LLC.
8       12.   Corey Colvin is responsible for and participated in the acts complained of
9  herein.
10      13.   Upon information and belief, all acts alleged by Corey Colvin were done for
11 the benefit of his marital community. Jane Doe Colvin is named as a member of the
12 community of which Corey Colvin is a part. Jane Doe Colvin as a member of the
13 community is liable for any award of damages. Jane Doe Colvin and Corey Colvin are
14 hereinafter referred to as "Colvin" unless the context dictates otherwise. 1.
15      14.   Upon information and belief, John M. Hodges and Jane Doe Hodges are a
16 married couple residing within this jurisdiction.
17      15.   John Hodges is the "managing member" of HHC Diesel, LLC.
18 Youtube.com® Video (https://www.youtube.com/watch?v=GqR6XbFuH2k ) ("Beware!
19 Seller Professor Foam is Fraudulently Selling HHC Diesel Branded Products").[2]
20      16.   John Hodges is responsible for and participated in the acts complained of
21 herein.
22      17.   Upon information and belief, all acts alleged by John Hodges were done for
23 the benefit of his marital community. Jane Doe Hodges is named as a member of the
24 community of which Corey Colvin is a part. Jane Doe Hodges as a member of the
25 community is liable for any award of damages. Jane Doe Hodges and John Hodges are
26 hereinafter referred to as "Hodges" unless the context dictates otherwise.
27
28 [2] All references to "Video" refer to the entirety of the Youtube.com® Video and the references to time are from the transcript time notations on Youtube.com® unless otherwise noted.

Schlesinger Conrad Law Firm
3936 E. Desert Cove Avenue, 1st Fl., Phoenix, AZ 85028



**1**  18. The true names and capacities of defendants DOEs 1- 100, inclusive, as well
**2**  as each DOE entity, whether individual, corporate, associate
**3**  Upon The true names and capacities of defendants DOES 1 through 100, inclusive,
**4**  whether individual, corporate, associate or otherwise, are unknown to Plaintiff, who
**5**  therefore sues said defendants by such fictitious names. Plaintiff will amend its Complaint
**6**  to allege said Doe defendants' true names and capacities when the same have been
**7**  ascertained. Plaintiff is informed and believes, and based upon such information and belief
**8**  alleges, that each defendant designated herein is responsible in some actionable manner
**9**  for the occurrences and injuries alleged herein.
**10**  19. At all times mentioned, defendants, and each of them, were the owners, co-
**11**  owners, agents, representatives, partners, and/or alter ego of the co-defendants, or
**12**  otherwise acting on behalf of each and every remaining defendant and, in so doing the
**13**  things herein alleged, were acting within the full knowledge, permission and consent of
**14**  each and every remaining defendant, each co-defendant having ratified the acts of the
**15**  other co-defendants.
**16**  20. Plaintiff is informed and believes and, upon such information and belief
**17**  alleges that each of the defendants including DOES 1-100, inclusive, were at all times
**18**  herein mentioned acting in concert with, and in conspiracy with, each and every one of the
**19**  remaining defendants.
**20**  21. Plaintiff is informed and believes and, upon such information and belief,
**21**  alleges that each of the Defendants named herein as DOES 1-100, inclusive, were and are
**22**  in some manner responsible for the actions, acts and omissions herein alleged, and for the
**23**  damage caused by the defendants, and are, therefore, jointly and severally liable for the
**24**  damages caused to Plaintiff.
**25**  22. Plaintiff is informed and believes that the limited liability company, HHC
**26**  Diesel, LLC was, at all times relevant, undercapitalized, and that the individual defendants
**27**  have used the company as a private piggy bank, with such disregard of the company's
**28**  form as to create a unity of interest between the managers, members and the company. As

Schlesinger Conrad Law Firm
3936 E. Desert Cove Avenue, 1st Fl., Phoenix, AZ 85028



1  such, it would be a miscarriage of justice to permit the corporate form to shield the
2  individuals, or any of them, from liability.
3      23.   Hereinafter, unless context dictates otherwise, Defendants shall collectively
4  be referred to as HHC Diesel.

## GENERAL ALLEGATIONS

6      24.   HHC Diesel is a competitor of PF Brands, Inc., d/b/a Professor Foam™.
7      25.   Both companies market, *inter alia,* "heavy duty Viton® blend O-rings."
8      26.   On or about February 16, 2016, and continuing at least through February 7,
9  2018, Defendants caused to be posted a video on Youtube.com® ("Video") that wrongfully
10 and untruthfully accuses Professor Foam™ of, *inter alia,* "knowingly, willfully and
11 intentionally [selling] a fraudulent HHC branded packaged and warrantied product."
12 (00:13-00:21). The entire Video is incorporated herein by reference and made a part of
13 this Complaint.[3]
14     27.   The Video continues to damage the reputation of Professor Foam, its
15 principals, and promote HHC Diesel to Plaintiff's detriment.
16     28.   Defendants also untruthfully state that Professor Foam™ "counterfeited" an
17 HHC product on the "Amazon marketplace." (00:46).
18     29.   HHC Diesel wrongfully states that Professor Foam™ is selling products as
19 "HHC Diesel, LLC brand products." (01:35-01:37).
20     30.   Defendants state that Professor Foam™ is "not an authorized or licensed
21 distributor for HHC Diesel LLC Products", with the untruthful implication that Professor
22 Foam™ is presenting itself as such. (00:23-00:29).
23     31.   HHC Diesel further stated that "we knew right away that this was a
24 fraudulent item." The Professor Foam™ product is not a "fraudulent product. (00:29 –
25 00:31).

---

[3] While Professor Foam™ is adamant that the Video should be taken down, HHC Diesel is put on notice that any destruction, alteration or tampering with the contents of the Video, and any and all props or other items used in the filming of the Video, will constitute spoliation of evidence.



**COMPLAINT**
5

32. The "tool" product pictured in the Video is not a Professor Foam™ product.

33. Professor Foam™ consistently includes a packing slip, which the Video claims was not included.

34. The tool in the Video appears rusted and damaged. Exhibit 2, attached hereto and incorporated by reference, is a true and correct screen shot of the rusted part displayed in the video. HHC Diesel claims that the tool in Exhibit 2 is a "good example of the quality of Professor Foam™ product, and that "this is Professor Foam's nipple cup socket." (01:37-001:42).

35. Professor Foam™ does not sell rusting tools, or tools that are otherwise damaged.

36. The Video wrongly claims that Professor Foam™ products fail prematurely. (Video 1:19). Conversely, HHC Diesel claims that is products" are still running strong." (01:42-02:00).

37. The reasonable implication of the combined statements in the Video is that Professor Foam™ was selling counterfeit or imitation HHC Diesel goods of an unacceptably poor quality. That is not true.

38. HHC Diesel states it will not warranty Professor Foam's products, with the wrongful but clear implication that it has received requests to warranty products that were clearly sold by Professor Foam™ in Professor Foam™ packaging.

39. Upon information and belief, HHC Diesel did not receive any request from the general public to warranty a product sold by Professor Foam™.

40. Any Professor Foam™ product is sold with clear labeling that the product is from Professor Foam, and is sold with a business card, label, packing slip and return address designating it as Professor Foam's merchandise.

41. To date, the Video has been seen 3,480 times by members of the public interested in O-rings or related products sold by both Professor Foam and HHC Diesel.

42. The Video included statements about HHC Diesel that were clearly intended to promote and/or advertise HHC Diesel as superior to Professor Foam, and was online



1  such that any search for Professor Foam™ on Google returns the "Beware of Professor

2  Foam" Video on the first page, if not the first listing.

3   43. Professor Foam™ was not selling HHC Diesel products; it was, and is, a

4  seller of O-rings on Amazon®.

5   44. The HHC Diesel Video goes on to state that "legally speaking, this order

6  right here represents an illegal act of fraud and liability for lawsuit by us against the seller,

7  Professor Foam. I'll save all the claims and legal jargon for the end of the video."

8   45. Neither Colvin nor Hodges are attorneys in the State of Texas.

9   46. HHC Diesel has not filed suit against Professor Foam.

10   47. The package shown by Defendants in the Video makes it clear that the

11  shipment alleged to have been "sold as a fraudulent HHC branded" product was sold and

12  shipped by Professor Foam.

13   48. HHC Diesel falsely claims the product depicted on camera is a Professor

14  Foam™ product.

15   49. HHC Diesel used an old product that was rusted and damaged, and stated it

16  was "good example" of a product from Professor Foam.™ The fact that the product

17  shown is not a Professor Foam product or tool intentionally gives the viewer the false

18  impression that the tool shown reflects Professor Foam's products. That is not true, and

19  the tool or nipple cup socket shown is not something that was sold be Professor Foam.™

20   50. HHC Diesel specifically says the rusted and damaged tool is a "good

21  example" of the quality of Professor Foam's nipple cup socket:

> [T]his is Professor foams nipple cup socket and this like many others that we've received from customers failed in the middle of a job leaving the customer stranded those customers called and got our tools and o-rings and are still running strong to this day." (01:46 - 02:00).

26   51. The representations are false, misleading and promotes HHC Diesel at the

27  expense of Professor Foam™.

28  / / /



**COMPLAINT**
7

52. These allegations, and each additional allegation in the Video and accompanying text, wrongfully disparage Professor Foam™ as a company engaged in fraud, counterfeiting and other wrongful behavior.

53. The Video was published in such a way that it was readily available to anyone interested in purchasing O-rings, and particularly anyone who was considering purchasing such O-rings from Professor Foam™.

54. The wrongful and disparaging statements were, and are, false.

**FIRST CAUSE OF ACTION**
(Violation of 15 U.S.C. 1125(a)(1)(b))
(Against HHC Diesel, LLC; Defendants Colvin, Hodges and Does 1-10)

55. The Plaintiff incorporates the foregoing allegations and facts as though fully set forth here.

56. Defendants wrongfully misrepresented the nature of Professor Foam™ as a company selling counterfeit and fraudulent goods.

57. Defendants have misrepresented that Professor Foam™ clients have inordinately complained of product failure.

58. The Video included statements about HHC Diesel, that were clearly intended to promote HHC Diesel over Professor Foam™, and was online such that searches for Professor Foam on Google or Bing would pull up the "Beware of Professor Foam" Video toward the top of the results.

59. The video was posted with malice, as evidenced by, *inter alia,* the untruthful content, including but not limited to the rusted tool, and the inclusion of the address of Professor Foam's principals.

60. As a direct and proximate result of the video, Plaintiff has suffered, and continues to suffer, reduction in reputation and sales causing damages, including but not limited to: (1) disgorgement of Defendants' profits, (2) damages sustained by Plaintiff, and (3) the costs of the action, all in an amount to be proven at trial.



**COMPLAINT**
8

## SECOND CAUSE OF ACTION
(Business Disparagement)
(Against HHC Diesel, Colvin and Hodges, and DOES 1-100, inclusive)

61. Plaintiff incorporates the foregoing allegations and facts as though fully set forth here.

62. In publishing the false and disparaging in video about Professor Foam, HHC Diesel intended to damage the reputation of a competitor, and did damage the reputation of Professor Foam.

63. These acts were – and could only have been done – with malice.

64. There is no legal basis for any claim, pretext, privilege or justification for the acts by HHC Diesel in disparaging Professor Foam's products or its ethics.

65. The claim that Defendant HHC Diesel was posting a public "cease and desist" notice is equally pretextual. Of the seven listings on Amazon by HHC Diesel, none reflect that Professor Foam™ is an "additional seller" or otherwise show any connection between Professor Foam and HHC Diesel. Nevertheless, HHC Diesel continues in its posting of the disparaging and false Video, and the false claims asserted therein continue to be seen by members of the buying public.

66. This disparagement was done with actual malice or, at a minimum, reckless disregard for the truth of the statements. Upon information and belief, HHC Diesel knew that the tool depicted in the Video was not sold by Professor Foam™ and Professor Foam™ does not ship rusted and damaged tools.

67. The fact that the Video remains available on Youtube® and the "Beware! Professor Foam" Video appears in any online search for Professor Foam™, means that Professor Foam™ continues to suffer the harm that the Video is causing and has caused.

68. As a direct and proximate result of the wrongful posting of the Video, Plaintiffs have been harmed due to loss of sales, revenue, reputation and additional damages, all in an amount to be proven at trial.

69. The acts of Defendants, and each of them, were undertaken with malice, with the specific intent to disparage Plaintiff's reputation and deter customers from



purchasing products from Professor Foam™. As such, the acts by an evil mind guided by an evil hand, entitling Plaintiff to punitive damages.

### THIRD CAUSE OF ACTION
(Temporary and/or Permanent Injunction Pursuant to 15 U.S.C. § 1116)
(Against HHC Diesel, Colvin and Hodges, and DOES 1-100, inclusive)

70.  Plaintiff incorporates the foregoing allegations and facts as though fully set forth here.

71.  The impact of the Video is to damage the reputation of Professor Foam™. Such damage is irreparable, and not subject to reasonable quantification such that money damages cannot reasonably suffice.

72.  The Court should enjoin the further display, publication and posting of the "Beware Professor Foam" Video to ensure that further irreparable harm does not occur to Plaintiff's detriment.

73.  Defendants have demonstrated that they will not remove the Video absent such Court order.

74.  The only "cost" to Defendants in removing the Video is the loss of sales that would otherwise and properly go to Professor Foam™. Thus, no bond should be required.

### PRAYER

1.  On the First and Second Causes of Action: For an award against all Defendants, jointly and severally, for damages in an amount that fully compensates Plaintiff for lost sales, loss of reputation and such other compensable damages as may be proven at trial;

2.  On the First and Second Causes of Action: For an order requiring Defendant HHC Diesel, LLC to disgorge profits from sales resulting from the disparagement and unfair competition;

3.  On the Second Cause of Action: An award of punitive damages to punish Defendants and deter others from engaging in similar wrongful conduct;



    4.    On the Third Cause of Action: For an injunction mandating Defendants that the Youtube.com Video entitled "Beware: Professor Foam…" be permanently removed from public view whether on Youtube® or otherwise;

    5.    For an award of attorney's fees and costs of suit. In the event of default, attorney's fees should be awarded in an amount of not less than $5,000;

    6.    For such further equitable and legal relief as this Court may deem just and proper.

### JURY DEMAND

Plaintiff hereby demands trial by jury.

Date: February 8, 2018        SCHLESINGER CONRAD LAW FIRM

By /s/ Kira A. Schlesinger
Kira A. Schlesinger,
Attorneys for Plaintiff
PF Brands, Inc. d/b/a Professor Foam™



**COMPLAINT**
11